IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| SCOTT HEDDINGS,<br><br>        Petitioner,<br><br>vs.<br><br>RENE GARCIA, Warden;<br>ATTORNEY GENERAL<br>OF THE STATE OF MONTANA,<br><br>        Respondent. | Cause No. CV 12-61-GF-DWM-RKS<br><br>ORDER and<br>FINDINGS AND RECOMMENDATION<br>OF U.S. MAGISTRATE JUDGE |

_____

On August 22, 2012, Petitioner Scott Heddings filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. His motion to proceed in forma pauperis was denied, and the file was closed because he failed to pay the filing fee. It was later realized that Mr. Heddings timely paid the fee, but the Clerk failed to docket the payment. When the error was discovered, Mr. Heddings' petition was deemed resubmitted on December 19, 2012. On April 15, 2013, Mr. Heddings filed a motion for discovery.

Mr. Heddings is currently serving federal and state sentences. In this matter, he is proceeding pro se.

1

## I. Preliminary Screening

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *Id.*

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court,* 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). Consideration under Rule 4 "may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition." Advisory Committee Note (1976), Rule 4, Rules Governing § 2254 Cases. "[I]t is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." *Id.*; *see also* 28 U.S.C. § 2243.

## II. Background

Mr. Heddings challenges a conviction he incurred in Cascade County, Montana,

2

when he pled guilty to incest. He is serving a sentence of twenty years, with sixteen suspended. Pet. (doc. 1) at 2 ¶¶ 1-5.

Mr. Heddings was arrested on September 12, 2005, by detectives from the State of Missouri who were investigating allegations of sexual misconduct with his step-daughters. He admitted committing incest in Missouri and Montana and indicated that he received and possessed child pornography as well. *See* Supp. Hr'g Tr. (doc. 40) at 7:3-8:3, 19:2-20:15, *United States v. Heddings*, No. CR 06-76-GF-SEH (D. Mont. mot. heard Apr. 23, 2007).[1]

In September 2005, Mr. Heddings was charged in Cascade County with incest, a violation of Mont. Code Ann. § 45-5-507 (2005).[2] *See* Br. in Supp. of Pet. (doc. 2) at 1; Presentence Report ¶ 36, *Heddings*, No. CR 06-76-GF (under seal).

On July 24, 2006, a federal grand jury indicted Mr. Heddings on one count of receipt and one count of possession of child pornography, one count of destruction of evidence, and a forfeiture count. Indictment (doc. 1-1) at 2-3, *Heddings*, No. CR 06-76-GF. On May 1, 2007, he pled guilty. The advisory guideline calculation imposed a five-level upward adjustment under U.S.S.G. § 2G2.2(b)(5) for "a pattern of activity

---

[1] A court may take judicial notice of its own records. *Rand v. Rowland*, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Mr. Heddings' crime occurred over several years. The controlling statute, however, was not amended in any material respect between 1999 and 2007.

involving the sexual abuse or exploitation of a minor" – that is, the crimes for which he faced charges in Montana and Missouri. The adjustment under § 2G2.2(b)(5), elevated the advisory guideline range from 121-151 months to 210-262 months. Sentencing Tr. (doc. 67) at 23:2-24:17, *Heddings*, No. CR 06-76-GF; U.S.S.G. ch. 5 Part A (Sentencing Table). On September 17, 2007, United States District Judge Sam E. Haddon sentenced Mr. Heddings to serve a total of twenty years in prison, to be followed by a life term of supervised release. Minutes (docs. 38, 52); Judgment (doc. 57) at 1-3, *Heddings*, No. CR 06-76-GF.[3] Although Judge Haddon was aware of pending state charges, Presentence Report ¶¶ 36-40, no state sentence had yet been imposed. Consequently, Judge Haddon did not consider whether Mr. Heddings' federal sentence should run consecutively to or concurrently with any state sentences.

On October 22, 2007, after federal proceedings were concluded, Mr. Heddings signed a Plea Agreement in the Cascade County incest case. In exchange for his guilty plea, the State agreed to recommend a sentence of twenty years, with sixteen suspended, concurrent with "any sentence in federal or state courts Defendant is

---

[3] The federal sentence was later amended, *see* Am. Judgment (doc. 77) at 1-3, but not in any respect material to this case. Although the state sentence Mr. Heddings challenges here had been imposed by the time the Amended Judgment was entered in the federal case, the federal court did not consider what effect, if any, the state sentence should have on the federal sentence. The Amended Judgment followed a remand from the Ninth Circuit Court of Appeals for dismissal of one count of conviction. *See United States v. Davenport*, 519 F.3d 940, 947-48 (9th Cir. 2008). Mr. Heddings was not re-sentenced.

currently serving." Pet. Ex. B (doc. 2-2) Plea Agreement at 2, 3. The agreement stated:

> [A]ll parties understand that the recommendation may not bind the Court. The Defendant understands that if the Court does not accept the recommendation of the Cascade County Attorney, the Defendant nevertheless has no right to withdraw the plea.

*Id.* at 2.

On October 23, 2007, Mr. Heddings was sentenced in accordance with the State's recommendation. The state court ordered that the sentence run concurrently with the federal sentence. Br. in Supp. at 1. After sentencing, Mr. Heddings was transported to Montana State Prison rather than federal prison. *Id.* at 7 ¶ 1. He did not receive credit against his federal sentence for time he spent in state custody prior to being paroled to his federal sentence. *Id.* at 7 ¶ 5.

Mr. Heddings appealed. On November 25, 2008, the Montana Supreme Court remanded the case for clarification of certain conditions of supervision. *State v. Heddings*, 198 P.3d 242, 246 ¶ 22 (Mont. 2008).

On January 21, 2009, Mr. Heddings filed a petition for postconviction relief. The trial court denied it. On September 14, 2011, the Montana Supreme Court affirmed the trial court's denial of the petition. *Heddings v. State*, 265 P.3d 600, 602 ¶ 9, 606 ¶ 34 (Mont. 2011).

Mr. Heddings also filed a petition for writ of habeas corpus in the Montana Supreme Court on February 23, 2009, challenging his imprisonment at Montana State Prison, where he was not receiving credit against his federal sentence. The petition was denied as moot in view of Mr. Heddings' transfer to federal custody. Order at 1, *Heddings v. Dep't of Corrections*, No. OP 09-0104 (Mont. May 6, 2009).

Mr. Heddings' conviction became final, at the earliest, on or about February 23, 2009.[4] *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653-54 (2012). Because Mr. Heddings filed his postconviction petition before that date, time did not begin to run on the federal limitations period until postconviction proceedings were concluded on September 14, 2011. 28 U.S.C. § 2244(d)(2); *Lawrence v. Florida*, 549 U.S. 327, 332 (2007).

Mr. Heddings timely filed his federal petition on August 22, 2012. 28 U.S.C. § 2244(d)(1)(A); *see also* D. Mont. L.R. 3.1(d)(3)(A) (Jan. 1, 2012); Order re: Filing Fee (doc. 8); Docket Entry Nov. 13, 2012.

### III. Claims and Analysis

**A. Double Jeopardy**

Mr. Heddings first asserts that his state sentence violates the Double Jeopardy

---

[4] If the trial court filed an Amended Judgment following the remand, the conviction became final sixty days after its filing. Mont. R. App. P. 4(5)(b)(i).

Clause of the United States Constitution, *see Benton v. Maryland*, 395 U.S. 784, 794 (1969), because it punishes the same conduct that supported an increase in his federal sentence. Specifically, he claims the United States and the State of Montana should not be permitted to rely on the same conduct to apply U.S.S.G. § 2G2.2(b)(5) and to convict and sentence him under Mont. Code Ann. § 45-5-507.

But no double jeopardy claim is available where separate sovereigns, such as the United States and the State of Montana, impose separate punishments. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). In fact, even one sovereign may impose a sentencing enhancement and also pursue a subsequent prosecution, both based on the same conduct. *Witte v. United States*, 515 U.S. 389, 406 (1995). This claim should be denied.

**B. Guilty Plea and Plea Agreement**

Second, Mr. Heddings asserts that "[t]he understanding by all parties involved was that the State sentence, being concurrent with the federal one, would be served entirely in federal custody." Br. in Supp. at 6. Because that did not happen, he now asserts that his guilty plea was involuntary and induced by false promises. Br. in Supp. at 6-10. Mr. Heddings' motion for discovery seeks evidence to substantiate his assertion. *See* Mot. for Discovery (doc. 11) at 2-4.

But the terms of the Plea Agreement did not assure Mr. Heddings he would

7

serve no more than twenty years in prison. (That is precisely why he requests discovery to obtain evidence of such an agreement.) Nor did the Plea Agreement assure him his state sentence would run concurrently with his federal sentence. The State simply agreed to recommend a sentence of twenty years, with sixteen suspended, concurrent to the federal sentence. Plea Agreement (Pet. Ex. B (doc. 2-2)) at 2, 3. Mr. Heddings knew the state court retained the full measure of its sentencing authority and could have imposed a sentence of four years all the way up to 100 years in prison. *See* Mont. Code Ann. § 45-5-507(4) (1999); *see also id.* § 46-12-211(1)(c); Plea Agreement at 2. Consequently, Mr. Heddings' guilty plea could not have "rest[ed] in any significant degree on a promise or agreement" that he would spend no more than twenty years in prison. *Santobello v. New York*, 404 U.S. 257, 262 (1971). It rested instead on the State's agreement to recommend a particular sentence.

Further, the State fully performed its role in the Plea Agreement: it recommended a sentence of twenty years, with sixteen suspended, to run concurrently with the federal sentence. That is what Mr. Heddings and Cascade County bargained for, and that is what Mr. Heddings got from Cascade County.

It is possible the parties shared an unfulfilled expectation that Mr. Heddings would be in prison for no more than twenty years. If so, their expectation was based

8

on a mutual mistake of law,[5] which does not render invalid an otherwise valid plea agreement. *United States v. Transfiguracion*, 442 F.3d 1222, 1229-30 (9th Cir. 2006). Mr. Heddings' federal sentence was correctly executed. He was initially arrested by state authorities; federal jurisdiction was secondary rather than primary. *Reynolds v. Thomas*, 603 F.3d 1144, 1152 (9th Cir. 2010); *Thomas v. Brewer*, 923 F.2d 1361, 1365 (9th Cir. 1991). In February 2007, Mr. Heddings was removed from the custody of the State of Montana, via a writ of habeas corpus, to appear in federal court. *See* Order (doc. 4), *Heddings*, No. CR 06-76-GF (D. Mont. Feb. 20, 2007). "When an accused is transferred pursuant to a writ of habeas corpus *ad prosequendum* he is considered to be 'on loan' to the federal authorities so that the sending state's jurisdiction over the accused continues uninterruptedly." *Thomas*, 923 F.2d at 1367 (quoting *Crawford v. Jackson*, 589 F.2d 693, 695 (D.C. Cir. 1978)). Thus, when Mr. Heddings' secondary federal custody was concluded at his federal sentencing, he was once again committed exclusively to primary state custody, and therefore transferred to Montana State Prison after his sentencing in state court. *Thomas*, 923 F.2d at 1367. Federal law denied him credit for time spent in state custody prior to the State's

---

[5] Even if the parties had made a mutual mistake of fact as to the manner in which the recommended sentence (if imposed) would be executed, unilateral reformation of the agreement in the manner requested by Mr. Heddings – that is, an order mandating that he be resentenced to a particular sentence in state court – is not an appropriate remedy. *See United States v. Williams*, 198 F.3d 988, 993-94 (10th Cir. 1999).

9

paroling him to his federal sentence. 18 U.S.C. § 3585(a), (b). Federal law also provided that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently," 18 U.S.C. § 3584(a). "'[T]he court' referenced in § 3584(a) refers only to federal courts." *Reynolds*, 603 F.3d at 1149 (following *Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002)).[6] To the extent the state court ordered that its sentence should run concurrently with the federal sentence, its order was "nothing more than a recommendation to federal officials." *Taylor*, 284 F.3d at 1150. Both the county prosecutor and the state court did all they could lawfully do.[7]

Mr. Heddings' claims relating to his guilty plea and plea agreement in state court lack merit. The Plea Agreement did not bind the sentencing court, the State fully performed its obligations under the Agreement, and there is no reasonable

---

[6] The discussions in all the cases cited in this paragraph must be reviewed with the Supreme Court's recent decision in *Setser v. United States*, __ U.S. __, 132 S. Ct. 1463 (2012), in mind. *Setser* held that a federal court may order that a federal sentence run consecutive to a state sentence not yet imposed. *Id.* at 1473. Before *Setser*, of the five federal appellate courts to consider the issue, only the Ninth Circuit held that a federal court lacked that power. *Id.* at 1468 (citing cases). Following Ninth Circuit precedent, Judge Haddon, as noted, did not consider the state sentences.

[7] There is a mechanism in federal law by which a defendant may seek to exert some control at federal sentencing over the interaction of state and federal sentences. U.S.S.G. § 5G1.3 allows a federal court, under certain circumstances, to adjust a federal sentence to ensure that it runs concurrently with a state sentence. *E.g.*, *Schleining v. Thomas*, 642 F.3d 1242, 1244-45 & n.2 (9th Cir. 2011). But, as *Taylor* says, state prosecutorial or judicial authorities can only make recommendations as to the interaction of a state sentence with a federal sentence.

probability that a reasonable person in Mr. Heddings' position would have gone to trial and risked a longer sentence if counsel had advised him he might spend 18 months in state custody without receiving credit for that time against his twenty-year federal sentence. This claim should be denied.

## V. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of Mr. Heddings' claims makes a showing that the State's judgment against him is invalid due to violation of a constitutional right. Although his federal sentence was enhanced under U.S.S.G. § 2G2.2(b)(5) based on the conduct underlying his conviction in Cascade County, no double jeopardy claim is available. The United States and the State of Montana are separate sovereigns, and even if they were not, *Witte v. United States*, 515 U.S. 389 (1995), precludes a double jeopardy argument.

11

Mr. Heddings' claim that his plea was rendered involuntary by the manner in which his federal sentence was executed simply ignores the plain language of his plea agreement with Cascade County. The terms of that agreement were fulfilled.

Mr. Heddings presents no open questions and nothing on which reasonable jurists could disagree. The law underlying denial of his claims is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

**ORDER**

Mr. Heddings' motion for discovery (doc. 11) is DENIED.

**RECOMMENDATION**

1. The Petition (doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Heddings may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date

entered as indicated on the Notice of Electronic Filing. If Mr. Heddings files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Mr. Heddings from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Heddings must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 14th day of August, 2013.

                                                   /s/ Keith Strong
                                                  Keith Strong
                                                  United States Magistrate Judge