IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| SCOTT HEDDINGS, | ) | CV 12-61-GF-DLC-RKS |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| RENE GARCIA, Warden; | ) | |
| ATTORNEY GENERAL | ) | |
| OF THE STATE OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

United States Magistrate Judge Keith Strong issued Findings and Recommendations recommending denial of Petitioner Scott Heddings' petition seeking a writ of habeas corpus under 22 U.S.C. § 2254. (Doc. 13.) Heddings timely filed objections and is therefore entitled to *de novo* review of the specified findings and recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Because the parties are familiar with the procedural and

1

factual background of this case, it will be restated here only as needed to provide context.

Heddings was arrested in Cascade County in 2005 and admitted committing incest in Missouri and Montana. In 2007 Heddings pled guilty to one count of receipt and one count of possession of child pornography. United States District Judge Sam E. Haddon sentenced Heddings to a total of twenty years in prison. Because no state sentence had been set, Judge Haddon did not consider whether the federal sentence should run consecutively to or concurrently with any potential state sentences. Heddings later signed a Plea Agreement in the state incest case in which the State agreed to recommend a sentence of twenty years, with sixteen suspended, to run concurrent with his federal sentence. In October 2007 Heddings was sentenced pursuant to the State's recommendation. In January 2011, Heddings filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. United States District Judge Donald W. Molloy granted the portion of the motion claiming that counsel was ineffective for failing to advocate for application of U.S.S.G. § 5G1.3 and Heddings will be resentenced on December 11, 2013. Heddings then filed this federal habeas petition in August 2012 in which he is proceeding pro se.

Heddings first objects to Judge Strong's Order denying the motion for discovery. Pursuant to 28 U.S.C. § 636(b)(1)(A) a magistrate judge may determine a

non-dispositive pretrial matter pending before the court. Where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law, it may be reconsidered. 28 U.S.C. § 636(b)(1)(A). Although Heddings has not filed a motion for reconsideration or complied with Local Rule 7.3, the Court will consider his objection as seeking leave of court to file a motion for reconsideration as required by the rule. A discovery motion is a non-dispositive pretrial matter. Heddings requested the discovery motion in order to seek evidence to substantiate his claim that his guilty plea was involuntary and induced by false promises. Judge Strong held, and this Court agrees, that Heddings' claims relating to his guilty plea and the plea agreement in state court lack merit. Therefore, the Order denying Heddings' motion for discovery regarding these claims is not clearly erroneous or contrary to law and will not be reconsidered.

Heddings also objects to Judge Strong's finding that double jeopardy does not apply to his state and federal sentences. Under the dual sovereignty doctrine, when a defendant breaks the laws of separate sovereigns with one act, he has in fact committed two distinct offenses. *Heath v. Alabama*, 474 U.S. 82, 88 (1985). It is well settled that this doctrine allows for successive prosecutions and punishments by two sovereigns, such as the State of Montana and the United States, without violation of the Double Jeopardy Clause of the United States Constitution. *Id.* Heddings'

reliance on *United States v. Halper*, 490 U.S. 435 (1989) is misplaced. The Court in *Halper* was faced with a scenario where the United States imposed a civil penalty based on the same conduct as a previous criminal prosecution brought by the United States which resulted in a criminal penalty. *Halper* did not address the dual sovereignty doctrine. Here, the separate punishments imposed by the separate sovereigns, the State of Montana and the United States, do not violate the Double Jeopardy Clause of the United States Constitution.

Lastly, Heddings objects to Judge Strong's finding that his claims of involuntariness and inducement regarding his guilty plea and Plea Agreement lack merit. State judges who impose concurrent sentences are merely providing recommendations to federal officials. *Taylor v. Sawyer*, 284 F.3d 1143, 1150 (9th Cir. 2002) (quoting *Del Guzzi v. U.S.*, 980 F.2d 1269, 1272-1273 (9th Cir. 1992)). Federal officials may refuse to credit the time the prisoner spent in state custody. *Id.* Mutual mistake of law between two parties does not invalidate a plea agreement. *United States v. Transfiguracion*, 442 F.3d 1222, 1229-1230 (9th Cir. 2006).

The Plea Agreement reached in exchange for Heddings' guilty plea only obligated the State to recommend a sentence of twenty years, with sixteen suspended, concurrent to the federal sentence, which the State did. To the extent the parties may have believed that the Plea Agreement assured Heddings would spend only twenty

years in prison, that belief was based on a mutual mistake of law. The Plea Agreement did not bind the sentencing court, and the State completed its recommendation obligations pursuant to the Agreement. Additionally, Heddings does not argue that he would not have pled guilty and would have instead chosen to go to trial had he been advised that the Plea Agreement did not bind the sentencing court. The Plea Agreement terms clearly obligated nothing more than a sentencing recommendation from the State, which was fulfilled. Judge Strong's denial of this claim on the merits is affirmed.

After a review of Judge Strong's remaining findings and recommendations, I find no clear error. Accordingly,

IT IS HEREBY ORDERED that Judge Strong's Findings and Recommendations (doc. 13) are adopted in full. Heddings' petition (doc. 1) is DENIED. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Heddings. A certificate of appealability is DENIED because Heddings' claims lack merit.

DATED this 17th day of September, 2013.

Dana L. Christensen, Chief Judge
United States District Court